UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
2004 MAR -8  P 12:56

US DISTRICT COURT
BRIDGEPORT CT

| | | |
|---|---|---|
| RICHARD BERRY and ELIZABETH BERRY, | : | Civil Action No.<br>303CV0501 (WWE) |
| Plaintiffs, | : | |
| V. | : | |
| JUDITH JACKSON, SEA SPAS, LLC a/k/a<br>JUDITH JACKSON SPA a/k/a JUDITH<br>JACKSON SEA SPAS, INC., a/k/a JUDITH<br>JACKSON, INC., and JUDITH JACKSON,<br>individually, | : | MARCH 5, 2004 |
| Defendants. | : | |

## DEFENDANTS' MOTION TO QUASH
## PLAINTIFFS' NOTICE OF TAKING DEPOSITIONS

In accordance with Sections 13-26 through 13-29 of the Connecticut Practice Book, the defendants, Judith Jackson et al. (collectively referred to as "Judith Jackson"), hereby move to quash the plaintiffs' Notice of Taking Depositions Directed to Defendants, dated January 27, 2004 (attached as Exhibit A). As grounds for this motion, Judith Jackson asserts that the individuals, Kim McGuirl and Saraveli Enchantegui referred to in plaintiffs' Notice of Taking Depositions are nonparties to the present controversy. As such, their attendance at a deposition can be procured only through the use of a subpoena, not a notice of deposition.

A party in a civil action may take the deposition of any person where the "judicial authority finds it reasonably probable that evidence outside the record will be required . . . ." However, Section 13-29(d) of the Connecticut Practice Book requires distinct procedures when a

ORAL ARGUMENT REQUESTED
TESTIMONY NOT REQUIRED

665199.1

party seeks to depose a <u>nonparty</u>: "A nonparty deponent may be compelled <u>by subpoena</u> . . . to give a deposition . . . ." Conn. Pract. Bk. § 13-29(d) (emphasis added). Further, Section 13-1 of the Practice Book specifies that "'party' means (A) a person named as a party in the action, or (B) an agent, employee, officer, or director of a public or private corporation, partnership, association, or governmental agency, named as a party in the action . . . ." Indeed, a Connecticut Superior Court has expressly recognized that a party cannot compel a nonparty deponent to submit to a deposition pursuant to Section 13-27(a) of the Connecticut Practice Book. <u>Spring v. Meridian Leasing Corp.</u>, No. CV-92-0125893-S, 1993 WL 540167, at *1 (Conn. Super. Ct. Dec. 17, 1993) (attached) (noting that it did not have discretion under § 13-27(a) to order an out-of-state ex-employee of defendant—i.e., a nonparty—to submit to a deposition in Connecticut).

The manner in which the plaintiffs are attempting to procure the attendance of certain nonparty deponents in this action is improper, and this Court should quash their Notice of Taking Depositions. The individuals sought to be deposed were not named as parties in this action and are not agents, employees, or officers of Judith Jackson. Judith Jackson acknowledges that the named individuals were, at one time, employees of Judith Jackson, but represents to this Court that they are no longer employed by Judith Jackson. Accordingly, the named individuals cannot be classified as "parties" under Section 13-1 of the Connecticut Practice Book. In addition, the current situation closely resembles the facts of <u>Meridian Leasing Corp.</u>, wherein the court recognized that a nonparty deponent could not be compelled to attend a deposition pursuant to Section 13-27(a) of the Connecticut Practice Book. Thus, because the individuals who the plaintiffs wish to depose are nonparties to the present action, their appearance at a deposition can be secured only through the use of a subpoena. <u>See</u> Conn. Pract. Bk. § 13-29(d).

665199.1

WHEREFORE, Judith Jackson requests that this Court quash the plaintiffs' Notice of Taking Depositions Directed to Defendants, dated January 27, 2004, because it fails to comply with the procedures specified in the Connecticut Practice Book.

        THE DEFENDANTS, JUDITH JACKSON, SEA SPAS, LLC a/k/a JUDITH JACKSON SPA a/k/a JUDITH JACKSON SEA SPAS, INC., a/k/a JUDITHJACKSON, INC., and JUDITH JACKSON, individually

By: _____
Brian Del Gatto, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
One Stamford Plaza
263 Tresser Boulevard, 9th Floor
Stamford, CT 06901
(203) 564-1900
Fed. Bar # CT 13100

665199.1

## **ORDER**

The foregoing motion having come before this Court is hereby:

Granted / Denied

_____

Judge / Clerk

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD BERRY, and ELIZABETH BERRY, | CIVIL ACTION NO. 303CV050(WWE) |
| Plaintiffs, | |
| v. | JANUARY 27, 2004 |
| JUDITH JACKSON SEA SPA, INC., and DOES 1 through 50, Inclusive, | |
| Defendants. | |

## PLAINTIFFS' NOTICE OF TAKING DEPOSITIONS

## DIRECTED TO DEFENDANTS

PLEASE TAKE NOTICE that on Friday, March 12, 2004 at the Law Offices of Halloran & Sage LLP, One Goodwin Square, 225 Asylum Street, Hartford, Connecticut, 06103, plaintiffs' counsel will take the depositions of defendant Judith Jackson Sea Spa Inc.'s employees:

Kim McGuirl at 10:00 a.m.; and

Saraveli Enchautegui at 1:00 p.m.

Said depositions will be taken before a Notary Public, and will continue from day to day until completed.

THE PLAINTIFFS,
RICHARD AND ELIZABETH BERRY

_[signature]_

Timothy G. Tietjen
ROUDA, FEDER, TIETJEN & ZANOBINI
Bar No. 104975
44 Montgomery Street, Suite 4000
San Francisco, CA 94104
415/398-5398

- 1 -
Notice of Taking Depositions

## CERTIFICATION

1
2   This is to certify that on this 27th day of January, 2004, the foregoing was either mailed, postage prepaid, or hand-delivered to:
3
    Stephen P. Brown
4   Wilson, Elser, Moskowitz, Edelman & Dicker
    3 Gannett Drive
5   White Plains, NY 10604

6   Brian Del Gatto
    Wilson, Elser, Moskowitz, Edelman &Dicker
7   One Stamford Plaza
    263 Tresser Boulevard, 9th Floor
8   Stamford, CT 06901

9   Geroge D. Royster
    Halloran & Sage LLP
10  One Goodwin Square
    225 Asylum Street
11  Hartford, CT 06103

12
                                    _____
13                                  Cheree C. Gonzàlez

14
15
16
17
18
19
20
21
22
23
24
25
26

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD BERRY, and ELIZABETH BERRY,<br><br>Plaintiffs,<br><br>v.<br><br>JUDITH JACKSON SEA SPA, INC., and<br>DOES 1 through 50, Inclusive,<br><br>Defendants.<br>_____/ | CIVIL ACTION NO.<br>303CV050(WWE)<br><br>JANUARY 27, 2004 |

### PLAINTIFFS' NOTICE OF TAKING DEPOSITIONS

### DIRECTED TO DEFENDANTS

PLEASE TAKE NOTICE that on Friday, March 12, 2004 at the Law Offices of Halloran & Sage LLP, One Goodwin Square, 225 Asylum Street, Hartford, Connecticut, 06103, plaintiffs' counsel will take the depositions of defendant Judith Jackson Sea Spa Inc.'s employees:

    Kim McGuirl at 10:00 a.m.; and

    Saraveli Enchautegui at 1:00 p.m.

Said depositions will be taken before a Notary Public, and will continue from day to day until completed.

THE PLAINTIFFS,
RICHARD AND ELIZABETH BERRY

_____
Timothy G. Tietjen
ROUDA, FEDER, TIETJEN & ZANOBINI
Bar No. 104975
44 Montgomery Street, Suite 4000
San Francisco, CA 94104
415/398-5398

- 1 -
Notice of Taking Depositions

## CERTIFICATION

1. This is to certify that on this 27th day of January, 2004, the foregoing was either mailed, postage prepaid, or hand-delivered to:

Stephen P. Brown
Wilson, Elser, Moskowitz, Edelman & Dicker
3 Gannett Drive
White Plains, NY 10604

Brian Del Gatto
Wilson, Elser, Moskowitz, Edelman &Dicker
One Stamford Plaza
263 Tresser Boulevard, 9th Floor
Stamford, CT 06901

Geroge D. Royster
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

_____
Chéree C. Gonzàlez

|   |   |   |
|---|---|---|
| 1 | IN THE UNITED STATES DISTRICT COURT | |
| 2 | DISTRICT OF CONNECTICUT | |

| | | |
|---|---|---|
| 4 | RICHARD BERRY, and ELIZABETH BERRY, | CIVIL ACTION NO. 303CV050(WWE) |
| 5 | Plaintiffs, | |
| 6 | v. | JANUARY 27, 2004 |
| 7 | JUDITH JACKSON SEA SPA, INC., and DOES 1 through 50, Inclusive, | |
| 8 | | |
| 9 | Defendants. | |

**PLAINTIFFS' NOTICE OF TAKING DEPOSITIONS**

**DIRECTED TO DEFENDANTS**

PLEASE TAKE NOTICE that on Friday, March 12, 2004 at the Law Offices of Halloran & Sage LLP, One Goodwin Square, 225 Asylum Street, Hartford, Connecticut, 06103, plaintiffs' counsel will take the depositions of defendant Judith Jackson Sea Spa Inc.'s employees:

   Kim McGuirl at 10:00 a.m.; and

   Saraveli Enchautegui at 1:00 p.m.

Said depositions will be taken before a Notary Public, and will continue from day to day until completed.

THE PLAINTIFFS,
RICHARD AND ELIZABETH BERRY

_____
Timothy G. Tietjen
ROUDA, FEDER, TIETJEN & ZANOBINI
Bar No. 104975
44 Montgomery Street, Suite 4000
San Francisco, CA 94104
415/398-5398

## CERTIFICATION

This is to certify that on this 27th day of January, 2004, the foregoing was either mailed, postage prepaid, or hand-delivered to:

Stephen P. Brown
Wilson, Elser, Moskowitz, Edelman & Dicker
3 Gannett Drive
White Plains, NY 10604

Brian Del Gatto
Wilson, Elser, Moskowitz, Edelman &Dicker
One Stamford Plaza
263 Tresser Boulevard, 9th Floor
Stamford, CT 06901

Geroge D. Royster
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

_____
Chéree C. Gonzàlez

```
 1                IN THE UNITED STATES DISTRICT COURT
 2                     DISTRICT OF CONNECTICUT
 3
 4   RICHARD BERRY, and ELIZABETH BERRY,    CIVIL ACTION NO.
                                            303CV050(WWE)
 5              Plaintiffs,
                                            JANUARY 27, 2004
 6   v.
 7   JUDITH JACKSON SEA SPA, INC., and
     DOES 1 through 50, Inclusive,
 8
                Defendants.
 9   _____/
10           PLAINTIFFS' NOTICE OF TAKING DEPOSITIONS
11                    DIRECTED TO DEFENDANTS
12        PLEASE TAKE NOTICE that on Friday, March 12, 2004 at the Law Offices of
13   Halloran & Sage LLP, One Goodwin Square, 225 Asylum Street, Hartford, Connecticut,
14   06103, plaintiffs' counsel will take the depositions of defendant Judith Jackson Sea Spa
15   Inc.'s employees:
16         Kim McGuirl at 10:00 a.m.; and
17         Saraveli Enchautegui at 1:00 p.m.
18        Said depositions will be taken before a Notary Public, and will continue from day to
19   day until completed.
20
                                     THE PLAINTIFFS,
21                                   RICHARD AND ELIZABETH BERRY
22
                                     _____
23                                   Timothy G. Tietjen
                                     ROUDA, FEDER, TIETJEN & ZANOBINI
24                                   Bar No. 104975
                                     44 Montgomery Street, Suite 4000
25                                   San Francisco, CA 94104
                                     415/398-5398
26
```

## CERTIFICATION

This is to certify that on this 27th day of January, 2004, the foregoing was either mailed, postage prepaid, or hand-delivered to:

Stephen P. Brown
Wilson, Elser, Moskowitz, Edelman & Dicker
3 Gannett Drive
White Plains, NY 10604

Brian Del Gatto
Wilson, Elser, Moskowitz, Edelman &Dicker
One Stamford Plaza
263 Tresser Boulevard, 9th Floor
Stamford, CT 06901

Geroge D. Royster
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

_____
Chéree C. Gonzàlez

Not Reported in A.2d
10 Conn. L. Rptr. 524
(Cite as: 1993 WL 540167 (Conn.Super.))

Page 1

C

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Connecticut, Judicial District of Stamford/Norwalk at Stamford.

Arthur SPRING
v.
MERIDIAN LEASING CORP.

No. CV92 0125893 S.

Dec. 17, 1993.

MEMORANDUM OF DECISION

DEAN, Judge.

*1 The plaintiff seeks an order compelling the depositions of three nonparty individuals, Timothy Ozark, Dan Zuppardo, and Harvey Kinzelberg, to be held in Connecticut. Practice Book § 246(c) permits a *nonresident defendant* to be compelled "[b]y notice under § 244(a) to give a deposition at any place within thirty miles of the defendant's residence or within the county of his residence *or at such other place as is fixed by order of the court.*" (Emphasis added). The term "defendant," for purposes of § 246, includes officers, directors and managing agents of corporate defendants. Practice Book § 246(e). Practice Book § 246(d) addresses nonresidents who are not parties to the action, providing that "[a] nonparty deponent may be compelled by subpoena served within this state to give a deposition at a place within the county of his residence or within thirty miles of the nonparty deponent's residence, or if a nonresident of this state within any county in this state in which he is personally served, or at such other place as is fixed by order of the court."

The plaintiff states in the motion for order, dated June 9, 1993, that upon information and belief, Zuppardo is a managing agent for the defendant Meridian Leasing Corporation, and that Ozark and Kinzelberg are directors and/or officers of such corporation. The plaintiff maintains that since the defendant corporation has an office in Stamford, Connecticut, it would not be a hardship for the three individuals to travel to Connecticut for depositions. In response to the plaintiff's motion, the defendant submitted the affidavit of John Polster, dated June 22, 1993. Polster is the associate general counsel for the defendant corporation. The affidavit indicates that the corporation is incorporated in Illinois and has not maintained a Connecticut office since April of 1993. The affidavit states that Ozark has not been employed by the defendant corporation since July of 1992, and that his last known address is in Illinois. The affidavit also states that Zuppardo and Kinzelberg are residents of Georgia and Illinois, respectively.

In order for the court to compel these individuals to travel to Connecticut for a deposition by order of notice under § 244(a), they must be treated as nonresident defendants under § 246. Polster's affidavit states that Ozark is no longer employed by the defendant corporation, so that he may not be treated as a nonresident defendant. This court does not have the discretion to order Ozark, pursuant to § 244(a), to travel to Connecticut for a deposition.

Kinzelberg and Zuppardo, as directors and/or officers and managing agents of the defendant corporation, may be treated as nonresident defendants under § 246. This court, Berdon, J., has addressed the portion of § 246(c) which allows the court to fix the deposition place of a nonresident defendant. The court noted that:

No hard rule should be set to govern when the court should exercise its discretion to order an out-of-state defendant to appear in Connecticut ... The court in exercising its discretion must do so in a manner which accommodates the special circumstances of each case. Some of the factors it should consider are the financial circumstances of the parties, whether the plaintiff seeking to take the deposition of the out-of-state defendant offers to pay his or her travel and living expenses, whether the defendant was personally served in Connecticut with the writ and complaint while he or she was a resident and thereafter voluntarily moved out of Connecticut, the hardship that travel may impose on a party, the availability of counsel being able to promptly resolve disputes which require a judicial determination if the deposition is taken in the forum, the effectiveness of obtaining the discovery through other means

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in A.2d
10 Conn. L. Rptr. 524
**(Cite as: 1993 WL 540167 (Conn.Super.))**

Page 2

such as written interrogatories or the taking of the defendant's deposition in Connecticut at the commencement of trial, and such other considerations.

*2 *Sansone v. Haselden,* 1 Conn.L.Rptr. 520, 521 (April 18, 1990, Berdon, J.). In *Sansone,* the court concluded that since the nonresident defendant was served in Connecticut and voluntarily moved to Texas thereafter and the plaintiff submitted an affidavit stating that she could not afford to pay her attorney to travel to Texas, the Texas resident should travel to Connecticut, at its own expense, for a deposition.

The only reason which plaintiff advances for requiring Zuppardo and Kinzelberg to travel to Connecticut is that "[s]ince the defendant has an office located in Stamford, Connecticut it would not be unduly burdensome for said individual [s] to be produced in Connecticut for a deposition." The defendant's affidavit states that there is no office in Stamford, and even if there was, that fact alone is not a sufficient reason to compel the parties to travel to Connecticut from Georgia and Illinois for a deposition. Accordingly, the plaintiff's motion for order is denied.

1993 WL 540167 (Conn.Super.), 10 Conn. L. Rptr. 524

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

## **CERTIFICIATION**

      This is to certify that on March 5, 2004, the heretofore Motion to Quash Plaintiffs' Notice of Taking Depositions Directed to Defendants was mailed first class, postage prepaid to:

ATTN:

HALLORAN & SAGE, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Attn: George Royster

ROUDA, FEDER, TIETJEN & ZANOBINI
44 Montgomery Street, Suite 4000
San Francisco, CA 94104

Attn: Timothy Tietjen

                                                  _____
                                                  Brian Del Gatto, Esq.