IN THE UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD BERRY, ET AL., | CIVIL ACTION NO.<br>3-03-CV-050 (WWE) |
| Plaintiffs, | |
| V. | |
| JUDITH JACKSON SEA SPA, INC., | |
| ET AL., | APRIL 11, 2005 |
| Defendants. | |

<u>DEFENDANT **JUDITH** JACKSON'S MEMORANDUM OF LAW IN **SUPPORT** OF MOTION FOR SUMMARY **JUDGMENT**</u>

    The Defendant, Judith Jackson, individually, submits this memorandum of law in support of her summary judgment motion as to Counts One, Two, and Three of the Plaintiffs' Complaint dated March 20, 2003.

I.    <u>FACTUAL BACKGROUND</u>

    The Plaintiffs, Richard and Elizabeth Berry, initiated this civil action against the Defendants, Judith Jackson Sea Spas LLC, a/k/a Judith Jackson Spa, a/k/a Judith Jackson Sea Spas, Inc., a/k/a Judith Jackson Inc., and Judith Jackson, individually ("Defendants"), as a result of certain physical injuries Richard Berry sustained while on an Alaskan cruise aboard the Radisson Seven Seas Mariner ("Mariner").  *See* Plaintiffs' Complaint, dated March 20, 2003, at 2-3, ¶¶ 3, 5 (attached as Exhibit A). The Plaintiffs allege that certain acts of the Defendants, including certain acts of Judith Jackson in her individual capacity, caused Richard Berry to sustain these injuries.  *Id.* at 3, ¶ 6. Elizabeth Berry has alleged a claim for loss of consortium incident to Richard Berry's physical injuries.  *Id.* at 9.

On or about June 28, 2001, the Plaintiffs were passengers on an Alaskan cruise aboard the Mariner. *See* Exhibit A at 2, ¶ 3. The Plaintiffs allege that, on or about July 6, 2001, Richard Berry visited Defendant Judith Jackson Sea Spas (the "Spa") to obtain a pedicure. *Id.* The crux of the Plaintiffs' claims are that an employee of the Spa, Ms. Saraveli Enchautegui, negligently placed Richard Berry's feet into a hot paraffin wax bath one or more times, which purportedly caused multiple bum injuries to the bottom of Mr. Berry's feet. *Id.* at 3, ¶ 5.

In addition to naming Judith Jackson Sea Spa LLC as a Defendant in this litigation, the Plaintiffs also named Judith Jackson as an individual Defendant in her personal capacity. Ms. Jackson is the Managing Partner of the Spa. Deposition Transcript of Judith Jackson, dated Aug. 19, 2004 at 143 (attached as Exhibit B). As is set forth more fully below, the Plaintiffs have failed to demonstrate that Ms. Jackson should be held personally liable for whatever negligence, if any, can be attributed to one of the Spa's employees.

II.     **PROCEDRUAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 56(b), "a party against whom a claim ... is asserted . . . may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." "The judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

"Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Nebraska v. Wyoming,* 507 U.S. 584, 590 (1993). "[T]he plain language of Rule 56(c) mandates the entry of

summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, *322 (1986).* "The moving party is entitled to judgment as a matter of law because the nonomving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* (internal quotation marks omitted).

III.  LEGAL STANDARD

In the present civil action, the Plaintiffs are attempting to hold Judith Jackson personally liable for the alleged negligence of her corporation's employees. This theory of liability is known as "piercing the corporate veil." For the reasons set forth below, the Defendant, Judith Jackson, inividually, asserts that summary judgment should be entered in her favor, as the Plaintiffs have failed to demonstrate that she should be held liable for the alleged negligence of her corporation's employees.

"Generally, a corporation is a distinct legal entity and the stockholders are *not personally liable* for the acts and obligations of the corporation." *Saphir v. Neustadt,* 177 Conn. 191, *209* (1979) (emphasis added). However,

> "courts will . . . disregard the fiction of a separate legal entity to pierce the shield of immunity afforded by the corporate structure in a situation in which the corporate entity has been so controlled and dominated that justice requires liability to be imposed on the real actor."

*Id.* Courts must be "mindful that the corporate shield *should not be lightly disregarded* to hold a stockholder liable, even when . . . there is but one stockholder. To do so would be to act in opposition to the public policy of this state ...." *Toshiba Amer. Med. Systs. Inc. v. Mobile Med. Systs.,* 53 Conn. App. 484, *489* (1999).

In Connecticut, courts have utilized two different rules in analyzing whether the corporate veil should be pierced. *See Zaist v. Olson,* 154 Conn. *563, 575* (1967). The "instrumentality" rule requires that the following must be proven:

> "(1) Control, not mere majority or complete stock control, but *complete domination,* not only of finances but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; (2) that such control must have been used by the defendant to commit *fraud or wrong,* to perpetrate the violation of a statutory or other positive legal duty, or a dishonest or unjust act in contravention of plaintiff's legal rights; and *(3)* that the aforesaid control and breach of duty must be proximately caused by the injury or unjust loss complained of."

*Tomasso Inc. v. Armor Const. & Paving Inc., 187* Conn. 544, *553* (1982) (emphasis added).

On the other hand, the "identity" rule has been defined as the following: "If a plaintiff can show that the plaintiff demonstrate that "there was such a unity of interest and ownership that the independence of the corporations had in effect ceased or had never begun, an adherence to the fiction of separate identity would serve only to defeat justice and equity by permitting the economic entity to escape liability arising out of an operation conducted by one corporation [or individual] for the benefit of the whole enterprise." *Id.* at *554.*

In *Strouch v. 72 Degrees Heating & Air Conditioning LLC, 2004* Conn. Super. LEXIS *2793* (Conn. Super. Sept. *24, 2004),* the plaintiff met with the managing agent of the defendant concerning the installation of a particular air conditioning unit. *2004* Conn. Super. LEXIS *2793,* at *\*2-4.* The air conditioning unit which was ultimately installed proved to be not in conformance with the specifications of the contract, and the court therefore held that the corporation had breached its contract with the plaintiff. *Id.* at *\*17.*

894457.1

In addition to naming the corporation as a defendant, the plaintiff in *Strouch* attempted to hold the managing agent of the defendant personally liable for his alleged misrepresentations and omissions. *Strouch,* 2004 Conn. Super. LEXIS 2793, at *1. The court refused to impose personal liability upon the managing agent, however, because the plaintiff failed to allege, much yet demonstrate, that the manging agent engaged in fraud, or that the plaintiff negotiated with the managning agent, individually, as opposed to a representative of the corporation. *Id.* at *15-16. In particular, the court stated that "there is no credible evidence that [the managing agent] did anything which would indicate that he was assuming personal liabilitly for the contract or the work to be performed under the contract." *Id.* at *16.

IV.  APPLICATION TO PRESENT FACTS

In the present civil action, the Plaintiffs have failed to demonstrate that Judith Jackson should be held personally liable for the negligent acts or omissions of the corporation's employees. As a result, Defendant Judith Jackson is entitled to judgment as a matter of law.

At the outset, it must be noted that nowhere in the Plaintiffs' Complaint is there any allegation that Judith Jackson, individually, engaged in any type of fraud. *See generally* Exhibit A. In fact, the only theories of recovery asserted in the Plaintiffs' Complaint are those of negligence, recklesness, and a loss of consortium. *See* Exhibit A. None of these allegations come close to alleging fraud of any type.

Under the instrumentality rule, a plaintiff must demonstrate that the defendant exercsed *complete domination* of the finances, policy, and business practice of the particular transaction. *See Tomasso Inc.,* 187 Conn. at 553. The Plaintiffs cannot cite

894457.1

any particular evidence which would demonstrate that Ms. Jackson dominated the finances, policy, and business practices of the Spa where Plaintiff Richard Berry alleges to have been injured. In fact, Ms. Jackson is unable to remain involved in the daily intricacies of the Spa's workings, for she "had spas on two ships and also [a] spa in Westport [CT] and also another company etc. [She] was in touch on a daily basis with sort of what was going on, but [she] wasn't personally talking all the time to [the manager aboard the Mariner]." Exhibit B at 169.

Moreover, as a general business policy, Ms. Jackson placed a significant amount of responsibility upon the manager of the Spa, Kim McGuirl.  *See* Exhibit B at 172 ("she was experienced in the salon business which is why we hired her and we trusted her judgment in terms of who needed instruction."). In fact, even the manager of the Spa did not report or even communicate with Ms. Jackson concerning certain aspects relating to the administration of the Spa.  *See* Exhibit B at 178.

Based on the foregoing, and Ms. Jackson's deposition testimony in its entirety, the Plaintiffs cannot establish that she dominated the finances, policy, and business practices at the Spa. The facts of the present matter are substantially similar to those the court faced in *Strouch*.  In that case, the court refused to impose personal liability upon the managing agent of the defendant because the plaintiff was dealing with the managing agent in his capacity as a representative of the defendant, not in his personal capacity. The same can be said as to Judith Jackson in this case. As a result, imposing liability upon Ms. Jackson personally would be in direct opposition to established case law in Connecticut interpreting the protections of the corporate form.  *See Tomasso, Inc., 187* Conn. at 553.

Even if the Plaintiffs rely on the identity rule to attempt to pierce the corporate veil, they still cannot prevail. Under the identity rule, a court will be warranted in piercing the corporate veil when there is no distinction between a principal's interests and that of the corporation, or the interests of a parent corporation to that of its subsidiary. *See Tomasso, Inc.,* 187 Conn. at 554. The Plaintiffs cannot cite any evidence to support the assertion that Ms. Jackson was attempting to achieve her personal interests in conducting the business of the Spa. As a result, the Plaintiffs cannot impose liability upon Ms. Jackson personally.

V.   CONCLUSION

Wherefore, Defendant Judith Jackson respectfully requests that summary judgment be entered in her favor as to Counts One, Two, and Three which seek to impose liability upon Ms. Jackson personally.

THE DEFENDANTS, JUDITH JACKSON,
SEA SPAS, LLC a/k/a JUDITH JACKSON
SPA a/k/a JUDITH JACKSON SEA SPAS,
INC., a/k/a JUDITH JACKSON, INC., and
JUDITH JACKSON, individually

By: _____
Bn   Del Gatto
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
One Stamford Plaza
263 Tresser Boulevard, 9th Floor
Stamford, CT 06901
(203) 564-1900
Fed. Bar # CT 13100
Our File No.: 00035.11869

894457.1

## CERTIFICATION

      This is to certify that on this 11th day of April 2005, the foregoing was mailed first class, postage prepaid to:

Ronald Rouda, Esq.
ROUDA, FEDER, TIETJEN & ZANOBINI
44 Montgomery Street, Suite 4000
San Francisco, CA 94104

Brian Rich, Esq.
George D. Royster, Esq.
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

                                                Brian Del Gatto